NOT DESIGNATED FOR PUBLICATION

No. 121,003

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CASEY RAY KOCH,
*Appellant*.


MEMORANDUM OPINION

Appeal from Cloud District Court; KIM W. CUDNEY, judge. Opinion filed March 20, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before STANDRIDGE, P.J., LEBEN and BRUNS, JJ.

PER CURIAM: Casey Ray Koch appeals from the district court's decision to revoke his probation and order him to serve his underlying prison sentence. We granted Koch's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). After review, we find no abuse of discretion on the part of the district court and affirm.

Koch pled no contest to one count of possession of methamphetamine. After determining his criminal history score was C, the district court sentenced Koch to 30 months in prison but released him on probation for a term of 18 months.

1

About five months after he was sentenced, Koch admitted to violating the conditions of his probation by continuing to use methamphetamine and by attempting to pass off fake urine as his own for a urinalysis test. The district court accepted Koch's admission and, based on the recommendation of both parties, ordered him to serve a 120-day prison sanction. The district court did not modify the conditions or duration of Koch's probation. Just under six months later, Koch admitted to violating the conditions of his probation again by continuing to use methamphetamine and committing the new crime of felony possession of methamphetamine with intent to distribute, as detailed in Cloud County case No. 18 CR 224. Koch asked for another intermediate sanction, specifically a 180-day prison sanction. But the district court denied that request. The court revoked Koch's probation and ordered him to serve his underlying prison sentence.

Koch argues the district court abused its discretion by denying his request for an intermediate sanction. Specifically, Koch claims that a 180-day intermediate prison sanction was more appropriate and that no reasonable person would take the position of the district court to bypass such a sanction and impose the underlying sentence. The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

But in this case, the district court revoked Koch's probation and imposed his underlying prison sentence after finding that he had committed a new crime while on probation. Under K.S.A. 2018 Supp. 22-3716(c)(8)(A), a district court does not have to impose an intermediate sanction if the offender commits a new felony or misdemeanor

while the offender is on probation. Given these facts and the applicable law, we find the district court did not abuse its discretion when it revoked Koch's probation and ordered him to serve his underlying prison sentence.

Affirmed.